UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **IUE MULTI-EMPLOYER PENSION FUND,** | Civ. No. 2:11-cv-04335 (WJM) |
| Plaintiff, | |
| v. | **OPINION** |
| **M & C VENDING, INC.,** | |
| Defendant. | |

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiff IUE Multi-Employer Pension Fund (the "Fund") brings this action against Defendant M & C Vending, Inc. ("M&C Vending") under the Employee Retirement Income Security Action of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq*. This matter comes before the Court on a motion to dismiss filed by Eliot J. Faber, the President of M&C Vending, and a motion for default judgment filed by the Fund. For the reasons set forth below, the motion to dismiss is **DENIED**, the motion for default judgment is **DENIED**, and the action is **DISMISSED** for lack of subject-matter jurisdiction.

I.   BACKGROUND

The Fund commenced this action on July 27, 2011, and filed an Amended Complaint on August 15, 2011. ECF No. 1; ECF No. 5. The Fund filed an Affidavit of Service indicating that M&C Vending was served with the Amended Complaint on August 22, 2011. ECF No. 7.

According to the Amended Complaint, the Fund is an "'employee pension benefit plan'" and "a 'multiemployer plan' within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A)." Am. Compl. ¶ 4. M&C Vending is a company that was a party to a collective bargaining agreement ("CBA") and a corresponding Memorandum of Agreement ("MOA"), pursuant to which the company was required to make period contributions to the Fund.[1] *Id.* ¶ 7. These agreements were supposed to be periodically renewed by the parties through subsequent MOAs. The Fund alleges that M&C Vending

---

[1] The MOA incorporated a related Pension Plan. *See* Memorandum of Agreement, Am. Compl. Ex. A at 1, ECF No. 5-1.

1

failed to sign a new MOA on June 30, 2009.  Am. Compl. ¶ 8.  The Fund asserts that M&C Vending's failure to sign a successor MOA on June 30, 2009 constituted a "complete withdrawal from the [Pension] Plan," and, as a result, M&C Vending is now obligated to pay withdrawal liability to the Fund in the amount of $114,362.00.  Am. Compl. ¶¶ 10-11.  Attached to the Amended Complaint is a letter that was sent from the Fund to Mr. Faber, informing him of the calculated amount of withdrawal liability and stating that, "[p]ursuant to [ERISA], any dispute between the Company and the Fund concerning the determination of withdrawal liability shall be resolved through arbitration."  Am. Compl. Ex. B at 2, ECF No. 5-2.

The time for M&C Vending to answer or otherwise respond to the Amended Complaint expired on September 12, 2011.  ECF No. 7.  The company did not file any response by that date.  Pursuant to Federal Rule of Civil Procedure 55(a), the Clerk entered a Default against the company on October 25, 2011.  ECF No. 8.

On October 26, 2011, Mr. Faber drafted a letter to the Clerk of the Court, stating that the company had not been properly served with the Summons and Complaint.  ECF No. 9.  On December 19, 2011, Mr. Faber filed an Answer on behalf of the company.  ECF No. 10.  The Answer asserts that M&C Vending did in fact renew its agreements with the union, and attaches a copy of an MOA dated June 30, 2009 that appears to be signed by both Mr. Faber and the union representative.  2009 MOA, Answer Ex. 3, ECF No. 10-1.[2]

On March 8, 2012, the Fund filed the instant motion for default judgment, along with an Affidavit of Service.  ECF No. 11.  The Fund argues that M&C Vending has not properly filed an Answer because all filings made on behalf of a corporation must be made by an attorney.  Gant Decl. ¶ 12, ECF No. 11-1.  On March 29, 2012, Mr. Faber filed a motion to dismiss on behalf of M&C Vending.[3]  ECF No. 12.  Both motions are now before the Court.

---

[2] Mr. Faber also filed a Third Party Complaint against the union representative, but did not serve the representative with the Complaint.

[3] After the motion to dismiss was filed, Mr. Faber appeared in Court to argue the motion.  Mr. Faber was informed by Court staff that no oral argument was scheduled for the motion, and that, in any event, only a licensed attorney could appear on behalf of the corporation.  Mr. Faber stated that he and his corporation were unable to afford counsel, so Mr. Faber was provided with a list of legal advocacy groups to contact for legal representation.  On April 16, 2012, Mr. Faber drafted a letter to the Clerk of the Court stating that, "[a]fter calling EVERY number on the list, the answer was unanimous by all parties, they would help out an individual, but not a business and most would not go near a union/pension case.  I ask the court for a different avenue to proceed in order to obtain legal representation."  ECF No. 13.

## II.  DISCUSSION

### A.  MOTION TO DISMISS

It is well-settled that a corporation must be represented by a licensed attorney and may not be represented by an individual acting *pro se* on its behalf.  *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."); *see also United States v. Cocivera*, 104 F.3d 566, 572 (3d Cir. 1996).  Because Mr. Faber is not a licensed attorney, he cannot represent M&C Vending, and the submissions made by Mr. Faber cannot be properly considered by the Court.  *See Laborers' Dist. Council Const. Indus. Pension Fund v. Compliance Mgmt. Group, Inc.*, No. 04-4024, 2005 WL 1331059, at *1 (E.D. Pa. May 31, 2005).  Because Mr. Faber's motion to dismiss was not filed by an attorney, the motion to dismiss is **DENIED**.[4]

### B.  MOTION FOR DEFAULT JUDGMENT

 "Before imposing the extreme sanction of default, district courts must make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default."  *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)).  In this case, the Fund's motion for default judgment must be denied because M&C Vending has a meritorious defense.

The Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA") (29 U.S.C. §§ 1381-1461 (1982) (amending ERISA, 29 U.S.C. §§ 1001-1381)) governs an employer's liability for withdrawing from a multiemployer pension plan.  *Warner-Lambert Co., Inc. v. United Retail & Wholesale Employee's Teamster Local No. 115 Pension Plan*, 791 F.2d 283, 284 (3d Cir. 1986).  The Third Circuit held that the "MPPAA explicitly mandates the initial resolution of withdrawal liability disputes through arbitration."  *Republic Indus., Inc. v. Cent. Pennsylvania Teamsters Pension Fund*, 693 F.2d 290, 294 (3d Cir. 1982); *see also* 29 U.S.C. § 1401 ("Any dispute between an employer and the plan sponsor of a multiemployer plan concerning a determination [of withdrawal liability] shall be resolved through arbitration.").  In so holding, the Third Circuit found that arbitration constituted an administrative remedy under the MPPAA, and that parties could not seek judicial review of MPPAA claims until their administrative remedies were exhausted.  *Republic Indus.*, 693 F.2d at 294-95.

According to its own allegations, Plaintiff is "a 'multiemployer plan' within the meaning of . . . ERISA."  Am. Compl. ¶ 4.  Thus, Plaintiff is subject to the MPPAA's

---

[4] District courts may strike a corporation's filings if they are not filed by an attorney.  *See Laborers' Dist. Council*, 2005 WL 1331059, at *1.  In this case, it is unnecessary to strike Mr. Faber's filings because the Court is dismissing the entire action *sua sponte*.

3

mandate that it resolve withdrawal liability disputes through arbitration.  The Fund must be aware of this requirement, as it sent a letter to M&C Vending stating that, "[p]ursuant to [ERISA], any dispute between the Company and the Fund concerning the determination of withdrawal liability shall be resolved through arbitration."  Am. Compl. Ex. B at 2.[5]  Because the Fund has failed to exhaust the administrative remedies mandated by MPPAA, the Court does not have jurisdiction to hear this dispute.  *Flying Tiger Line v. Teamsters Pension Trust Fund of Philadelphia*, 830 F.2d 1241, 1249 (3d Cir. 1987) (citations omitted) ("[C]ourts have no jurisdiction to entertain the merits of [an MPPAA] dispute prior to arbitration").

Accordingly, the motion for default judgment is **DENIED**, and the action is **DISMISSED**.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action").

### III.   CONCLUSION

For the reasons stated above, the motion to dismiss is **DENIED**, the motion for default judgment is **DENIED**, and the action is **DISMISSED** without prejudice to arbitration.  An appropriate order follows.

                                                /s/ William J. Martini
                                     **WILLIAM J. MARTINI, U.S.D.J.**

**Date: November 13, 2012**

---

[5] Furthermore, both the Pension Plan and the original MOA contain arbitration clauses.  Pension Plan Section 9.4, Am. Compl. Ex. D at 45, ECF No. 5-4; Memorandum of Agreement ¶ E, Am. Compl. Ex. A at 3, ECF No. 5-1.

4