UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **IUE MULTI-EMPLOYER PENSION FUND,** | Civ. No. 2:11-cv-04335 (WJM) |
| Plaintiff, | |
| v. | **OPINION** |
| **M & C VENDING, INC.,** | |
| Defendant. | |

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiff IUE-CWA Multi-Employer Pension Fund (the "Plan") brings this action against Defendant M & C Vending, Inc. ("M&C Vending" or the "Company") under the Employee Retirement Income Security Action of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq*. The Plan previously moved for default judgment against the Company. The Court determined that it lacked subject-matter jurisdiction over the action and dismissed the case. This matter comes before the Court on the Plan's motion for reconsideration of that dismissal. For the reasons set forth below, the motion for reconsideration is **GRANTED**, and the underlying motion for default judgment is **GRANTED**.

### I. BACKGROUND

The following facts are set forth in the Amended Complaint, the motion for default judgment, and the attached exhibits. The Plan is an employee pension benefit plan and a multiemployer plan within the meaning of Section 3(37)(A) of ERISA. 29 U.S.C. § 1002(37)(A); Am. Compl. ¶ 4. M&C Vending is a company that was a party to a collective bargaining agreement ("CBA") and a corresponding Memorandum of Agreement ("MOA"), pursuant to which the Company was required to make period contributions to a pension fund. Am. Compl. ¶ 7. These agreements were supposed to be periodically renewed by the parties through subsequent MOAs. M&C Vending entered into an MOA that expired on June 30, 2009, and did not sign a new MOA after that. Am. Compl. ¶ 8. Thus, effective July 1, 2009, M&C Vending affected a complete withdrawal from the Plan. *Id.* ¶¶ 9-10.

The Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA") (29 U.S.C. §§ 1381-1461 (1982) (amending ERISA)) provides that when a contributing

1

employer withdraws from a multiemployer pension fund, it incurs withdrawal liability, which is a sum that covers the pension benefits that the employer has already promised to the beneficiaries but has not yet paid into the fund. 29 U.S.C. § 1381(a), (b). Withdrawal liability is necessary to prevent withdrawing employers from shifting their obligations to the remaining employers in the fund. 29 U.S.C. § 1001. In this case, the Plan calculated that M&C Vending was obligated to pay withdrawal liability in the amount of $114,362.00 (plus interest, fees, costs, etc.). Am. Compl. ¶¶ 10-11.

On September 25, 2009, the Plan sent a letter to M&C Vending setting forth the calculated amount of withdrawal liability and stating that, "[p]ursuant to [ERISA], any dispute between the Company and the Fund concerning the determination of withdrawal liability shall be resolved through arbitration." Am. Compl. Ex. B at 2, ECF No. 5-2. Neither party ever initiated an arbitration proceeding.

The Plan commenced this action to collect withdrawal liability from M&C Vending on July 27, 2011. ECF No. 1. The Plan filed an Amended Complaint on August 15, 2011. ECF No. 5. The Amended Complaint was served on M&C Vending on August 22, 2011. ECF No. 6. The time for M&C Vending to answer or otherwise respond to the Amended Complaint expired on September 12, 2011. ECF No. 7. The Company did not file any response by that date. Pursuant to Federal Rule of Civil Procedure 55(a), the Clerk entered a Default against the company on October 25, 2011. ECF No. 8.

On December 19, 2011, Eliot J. Faber, the President of M&C Vending, filed an Answer on behalf of the Company. ECF No. 10. On March 8, 2012, the Plan filed a motion for default judgment. ECF No. 11. The Plan argued that M&C Vending had not properly filed an Answer because all filings made on behalf of a corporation must be made by a licensed attorney and Mr. Faber was not a licensed attorney. Gant Decl. ¶ 12, ECF No. 11-1. On March 29, 2012, Mr. Faber filed a motion to dismiss. ECF No. 12.

On November 13, 2012, the Court issued an Opinion and Order. ECF Nos. 14-15. The Court denied the motion to dismiss filed by Mr. Faber, finding that only a licensed attorney could make filings on behalf of a corporation. With respect to the motion for default judgment, the Court found that, under the MPPAA, parties to a withdrawal liability dispute could seek judicial review only if they had first submitted the dispute to arbitration. Op. at 3. Because the Plan and M&C Vending had not submitted the dispute to arbitration, the Court found that it lacked subject-matter jurisdiction over the dispute and dismissed the action. The Plan now moves for reconsideration of that decision.

## II. DISCUSSION

The Court will address the motion for reconsideration, followed by the underlying motion for default judgment.

## A.  MOTION FOR RECONSIDERATION

The Plan moves for reconsideration of the Court's decision to dismiss the action, arguing that the action was properly filed in federal court because the Company waived its right to arbitrate the withdrawal liability dispute.  The Court agrees.

A motion for reconsideration may be granted only if: (1) there has been an intervening change in the controlling law; (2) evidence not available when the Court issued the subject order has become available; or (3) it is necessary to correct a clear error of law or fact to prevent manifest injustice.  *Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).

In this case, reconsideration is necessary to correct a clear error of law.  In its Opinion, the Court held that it lacked jurisdiction over the withdrawal liability dispute because ***the Plan*** failed to initiate arbitration.  That was a mistake.  The burden to initiate arbitration was on ***the Company***, not the Plan.  The MPPAA states that "[a]ny dispute between an employer and the plan sponsor of a multiemployer plan concerning a determination [of withdrawal liability] shall be resolved through arbitration."  29 U.S.C. § 1401(a)(1).  The statute states that "[e]ither party may initiate the arbitration proceeding." *Id.*  However, the statute also states that, "[i]f no arbitration proceeding has been initiated . . . the amounts demanded by the plan . . . shall be due and owing on the schedule set forth by the plan."  29 U.S.C. § 1401(b)(1).  Thus, the burden to initiate arbitration is on the employer, not the pension plan.  If the employer does not timely initiate arbitration, then the MPPAA permits the pension plan to bring an action in federal court to collect the amount owed.  29 U.S.C. § 1401(b)(1) ("If no arbitration has been initiated . . . [then the] plan sponsor may bring an action in a State or Federal court of competent jurisdiction for collection").

In this case, M&C Vending did not timely initiate arbitration, so the Plan properly filed this action in federal court to collect the amount owed.  Because it was an error for the Court to dismiss the action for lack of subject-matter jurisdiction, the Plan's motion for reconsideration is **GRANTED**.

## B.  MOTION FOR DEFAULT JUDGMENT

Having found that the Court does, in fact, have subject-matter jurisdiction over the action, the Court now turns to the Plan's underlying motion for default judgment.  The Court finds that the motion for default judgment should be granted.

"Before imposing the extreme sanction of default, district courts must make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default."  *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*,

250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)). In this case, the Court finds that the facts set forth in the Amended Complaint, the motion for default judgment, and the attached exhibits merit entry of a default judgment.

First, the Court finds that there is no basis for M&C Vending to claim a meritorious defense. If an employer withdraws from a multi-employer pension plan, then the pension plan is required to send notice to the employer setting forth the amount of the employer's withdrawal liability. *See* 29 U.S.C. § 1399(b)(1). As discussed above, if the employer wants to contest withdrawal liability, then the employer must timely initiate arbitration, usually in the 60-day period after notification. *See* 29 U.S.C. § 1401(a)(1) and (b)(1). If the employer does not timely initiate arbitration, then the employer waives its right to contest liability and waives its right to contest the amount owed. *Pension Ben. Guar. Corp. v. R.A. Gray & Co.*, 467 U.S. 717, 726 n.4 (1984); *Bd. of Trustees of Trucking Employees of N. Jersey Welfare Fund, Inc.-Pension Fund v. Kero Leasing Corp.*, 377 F.3d 288, 295 n.5 (3d Cir. 2004) ("An employer will waive its statutory rights to dispute aspects of the Fund's liability determination where arbitration is not demanded within the time period prescribed by the statute"). In this case, the employer, M&C Vending, was sent notice of withdrawal liability on September 25, 2009. M&C Vending never initiated arbitration. As such, M&C Vending has waived its right to contest liability and the amount owed, and the only issue left for the Court's consideration is collection of that amount. Because the Plan has established that it is entitled to collection, there is no basis for M&C Vending to claim a meritorious defense.

Second, it is clear that the Plan has been prejudiced by M&C Vending's default because the Plan has incurred additional costs, has been unable to move forward with the case, and has been delayed in receiving relief. *See Malik v. Hannah*, 661 F. Supp. 2d 485, 490-91 (D.N.J. 2009).

Third, the Court finds that M&C Vending is culpable. M&C Vending had the opportunity to challenge liability for the withdrawal in October and November of 2009. It did not initiate an arbitration proceeding at that time, or at any time since. Now that it is three and a half years later, the Company cannot complain that these amounts are finally subject to collection.

The Court finds that the Plan has submitted sufficient evidence to support its request for damages pursuant to Federal Rule of Civil Procedure 55(b), and has submitted a reasonable request for attorneys' fees and costs in accordance with Local Civil Rules 54.1 and 54.2. Accordingly, final judgment will be entered in favor of the Plan and against M&C Vending in the total amount of **$175,356.11**, comprised of the following: (1) $114,362.00 in withdrawal liability; (2) $25,232.95 in interest; (3) $22,972.40 in liquidated damages; (4) $12,525.00 in attorneys' fees; and (5) $363.76 in costs.

### III. CONCLUSION

For the reasons stated above, the motion for reconsideration is **GRANTED**, and the motion for default judgment is **GRANTED**. An appropriate order follows.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: May 10, 2013**