UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **IUE MULTI-EMPLOYER PENSION FUND,**<br><br>Plaintiff,<br><br>v.<br><br>**M & C VENDING, INC.,**<br><br>Defendant. | Civ. No. 11-4335 (WJM)<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

      Plaintiff IUE-CWA Multi-Employer Pension Fund (the "Plan") brings this action against Defendant M & C Vending, Inc. ("M&C Vending" or the "Company") under the Employee Retirement Income Security Action of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq*. On May 13, 2013, the Court issued an Order granting the Plan's motion for default judgment against M&C Vending. This matter comes before the Court on M&C Vending's motion to vacate the Court's Order under Federal Rule of Civil Procedure 60(b). For the reasons set forth below, the motion to vacate the default judgment is **DENIED**.

**I.   BACKGROUND**

      The Plan is an employee pension benefit plan, multiemployer plan, and defined benefit plan within the meaning of ERISA. 29 U.S.C. § 1002; Am. Compl. ¶ 4. M&C Vending is a company that was a party to a collective bargaining agreement ("CBA") and a corresponding Memorandum of Agreement ("MOA"), pursuant to which the Company was required to make period contributions to the Plan. Am. Compl. ¶ 7. The parties were supposed to periodically renew the MOA. The Plan alleges that M&C Vending's MOA expired on June 30, 2009 and that M&C Vending did not enter into a successor MOA. *Id.* ¶ 8. Thus, the Plan maintains that, effective July 1, 2009, M&C Vending affected a complete withdrawal from the Plan. *Id.* ¶¶ 9-10.

      The Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA") (29 U.S.C. §§ 1381-1461 (1982) (amending ERISA)) provides that when a contributing employer withdraws from a multiemployer pension fund, it incurs withdrawal liability, which is a sum that covers the pension benefits that the employer has already promised to

the beneficiaries but has not yet paid into the fund.  29 U.S.C. § 1381(a), (b).  The Plan commenced this action to collect withdrawal liability from M&C Vending on July 27, 2011.  ECF No. 1.  The Plan filed an Amended Complaint on August 15, 2011.  ECF No. 5.  The Amended Complaint was served on M&C Vending on August 22, 2011.  ECF No. 6.  The time for M&C Vending to answer or otherwise respond to the Amended Complaint expired on September 12, 2011.  ECF No. 7.  M&C Vending did not file any response by that date.  Pursuant to Federal Rule of Civil Procedure 55(a), the Clerk entered a Default against M&C Vending on October 25, 2011.  ECF No. 8.

On December 19, 2011, Eliot J. Faber, the President of M&C Vending, filed an Answer on behalf of M&C Vending.  ECF No. 10.  On March 8, 2012, the Plan filed a motion for default judgment.  ECF No. 11.  The Plan argued that M&C Vending had not properly filed an Answer because all filings made on behalf of a corporation must be made by a licensed attorney and Mr. Faber was not a licensed attorney.  Gant Decl. ¶ 12, ECF No. 11-1.  On March 29, 2012, Mr. Faber filed a motion to dismiss.  ECF No. 12.

On November 13, 2012, the Court issued an opinion and order dismissing the action.  ECF Nos. 14-15.  The Court found that because the Plan and M&C Vending had not submitted the dispute to arbitration, the Court lacked subject-matter jurisdiction over the dispute.  The Plan subsequently moved for reconsideration of that decision.  On May 13, 2013, the Court issued an Order granting both the motion for reconsideration and the motion for default judgment.  ECF Nos. 17-18.  The Court found that because the Company did not timely initiate arbitration, the Plan properly filed this action in federal court to collect the amount owed.  The Court further found that (1) there was no basis for M&C Vending to claim a meritorious defense, (2) the Plan had been prejudiced by M&C Vending's default, and (3) M&C Vending was culpable.

M&C Vending claims that it never received a copy of the default judgment.  Faber Aff. ¶ 52, ECF No. 19-1.  However, the Plan served Mr. Faber with an information subpoena, dated November 15, 2013, in which the Plan advised Faber that a judgment against M&C Vending was entered in Superior Court of New Jersey on November 6, 2013.  Murray Decl. ¶ 3, ECF No. 31-2.  Faber completed and returned the subpoena on April 23, 2014.  *Id.*

M&C Vending maintains that it could not find an attorney willing to represent it pro bono.  It further maintains that it was unable to afford an attorney until Faber received an inheritance in or around May 2014.[1]  On February 16, 2015, the Company filed the instant motion to vacate the Court's May 13, 2013 Order.  ECF No. 19.

## II.  DISCUSSION

---

[1] In his Affidavit, Mr. Faber states that his mother passed away on May 12, 2013 and that "[i]t took almost a year to receive [his] inheritance.  Faber Aff. ¶ 57.

2

Federal Rule of Civil Procedure 60 permits a court to relieve a party or its legal representative from a final judgment or order in certain circumstances. Specifically, Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Under Rule 60(c)(1), "[a] motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."

M&C Vending filed this motion to vacate under Rule 60(b)(6). "Rule 60(b)(6), . . . grants federal courts broad authority to relieve a party from a final judgment "upon such terms as are just." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 (1988). However, a Rule 60(b)(6) motion cannot be premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5). *Id.*

In support of its motion, M&C Vending argues that it was unable to afford an attorney and that, as a corporation, it could not appear in court without one. Courts have repeatedly categorized such arguments as falling under Rule 60(b)(1). *See e.g., United States v. Forty-Eight Thousand, Five Hundred Ninety-Five Dollars*, 705 F.2d 909, 913 (7th Cir. 1983) (finding that a defendant who lacked funds, was imprisoned in a foreign country, and lacked counsel in a forfeiture proceeding had demonstrated excusable neglect); *Middle Mkt. Fin. Corp. v. D'Orazio*, No. 96-8138, 2000 WL 783068, at *2-3 (S.D.N.Y. June 8, 2000) (finding that a corporation, which failed to obtain counsel despite warnings from the court and claimed that it could not afford to hire an attorney, had not shown excusable neglect under Rule 60(b)(1)). Thus, M&C Vending cannot seek

relief under Rule 60(b)(6).  The Court will instead consider M&C Vending's motion under Rule 60(b)(1).

      The Court finds that M&C Vending's motion is untimely.  A motion to vacate under Rule 60(b)(1) must be made no more than a year after the entry of judgment.  Here, the Court's Order granting default judgment is dated May 13, 2013.  At the latest, M&C Vending received notice of the default judgment on November 15, 2013.  And M&C Vending did not file the instant motion until February 16, 2015 – twenty-one months after the Court issued its Order and fifteen months after the date on which M&C Vending definitively received notice of the default judgment.

      Additionally, even if this motion could be considered under Rule 60(b)(6), it would still be out of time.  A Rule 60(b)(6) motion must be made within a reasonable time.  Fed. R. Civ. P. 60(c)(1).  Generally, a Rule 60(b)(6) motion filed more than one year after final judgment is untimely unless "extraordinary circumstances" excuse the party's failure to proceed sooner.  *See Ortiz v. Pierce*, No. 08-487, 2014 WL 3909138, at *1 (D. Del. Aug. 11, 2014) (citing *Ackerman v. United States*, 340 U.S. 193, 202 (1950)).  M&C Vending has not shown any extraordinary circumstances justifying its delay in this case.  To the extent that M&C Vending argues that its delay is justified because it had to wait to file this motion until after Faber received his inheritance, the Court disagrees.  Faber receive his inheritance in or around May 2014, and M&C Vending inexplicably waited at least eight more months to file the instant motion.  Thus, the Court will deny M&C Vending's motion to vacate the Court's May 13, 2013 Order.

### III.   CONCLUSION

      For the reasons stated above, the motion to vacate the default judgement is **DENIED**.  An appropriate order follows.

      /s/ William J. Martini  
      **WILLIAM J. MARTINI, U.S.D.J.**

**Date: September 10, 2015**